## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

| | | |
|---|---|---|
| YETI Coolers, LLC | § | |
| | § | |
| v. | § | 1:16-CV-663 RP |
| | § | |
| Magnum Solace, LLC | § | |

## ORDER

Before the Court are Defendant's Opposed Motion for a Protective Order and Stay of Discovery (Dkt. No. 17), Yeti's Opposition (Dkt. No. 20), and Magnum's Reply (Dkt. No. 22). On October 12, 2016, the District Court referred the above-discovery motion to the undersigned Magistrate Judge for a determination pursuant to 28 U.S.C. § 636(b)(1)(A), Rule 72, and Rule 1(c) of Appendix C of the Local Rules.

### I.   General Background

On June 7, 2016, Plaintiff YETI Coolers, LLC filed this suit against Magnum Solace LLC, alleging trade dress infringement, unfair competition and false designation of origin, trade dress dilution, misappropriation, and unjust enrichment pursuant to the Lanham Act, the Texas Business & Commerce Code, federal common law, and state common law. On August 5, 2016, Magnum filed a Motion to Dismiss under Rule 12(b)(6), which is currently pending before the district judge. YETI served written discovery requests on Magnum on September 29, 2016, and Magnum now asks that discovery be stayed pending a ruling on its 12(b)(6) motion.

### II.   Analysis

Magnum argues that a stay of discovery is appropriate "given Defendant's Motion to Dismiss could very well dispose of this case in its entirety." Dkt. No. 17 at 2. Under Rule 26(c), "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment,

oppression, or undue burden or expense." FED. R. CIV. P. 26(c)(1).  To show "good cause" under Rule 26, the party seeking a stay of discovery must "show the necessity of its issuance, which contemplates a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements." *In re Terra Int'l, Inc.*, 134 F.3d 302, 306 (5th Cir. 1998) (quoting *United States v. Garrett*, 571 F.2d 1323, 1326 n.3 (5th Cir. 1978)).  The Court has broad discretion in determining whether to grant a motion for a protective order or stay of discovery. *Landry v. Air Line Pilots Ass'n Int'l AFL-CIO*, 901 F.2d 404, 436 (5th Cir.), *cert. denied*, 498 U.S. 895 (1990).

Magnum has rather clearly failed to show "good cause" to stay discovery in this case.  Indeed, all that its motion has accomplished is an increase in the costs to the parties.  While, in theory, a court may find good cause to stay discovery when there is a pending 12(b)(6) motion, in practice such stays are very rare, and almost never wise.  *Glazer's Wholesale Drug Co., Inc. v. Klein Foods, Inc.*, 2008 WL 2930482, at * 1 (N.D. Tex. July 23, 2008) (such stays are "the exception rather than the rule"); *Von Drake v. Nat'l Broad. Co.*, 2004 WL 1144142, at *1 (N.D. Tex. May 20, 2004) ("While discovery may be stayed pending the outcome of a motion to dismiss, 'the issuance of stay is by no means automatic.'").  As one district judge has noted, "[h]ad the Federal Rules contemplated that a motion to dismiss under Fed. R. Civ. Pro. 12(b)(6) would stay discovery, the Rules would contain a provision to that effect.  In fact, such a notion is directly at odds with the need for expeditious resolution of litigation." *Gray v. First Winthrop Corp.*, 133 F.R.D. 39, 40 (N.D. Cal. 1990).

There are of course exceptions to these general rules, but they apply to cases in which, for example, the motion to dismiss raises a serious legal question or factual deficiency that has a

reasonably likelihood of resulting in the dismissal of the case.[1]  The motion to dismiss here is the opposite.  It seeks the dismissal of a thoroughly-pled, fact-specific lawsuit.  A simple PACER search of cases filed by YETI in this Court would reflect that YETI has filed dozens of cases against similar allegedly infringing products, in very similar legal and factual detail.[2]  In the vast majority of those cases the defendants did not even move to dismiss the complaint under Rule 12(b)(6), and where the cases have not been settled, the cases remain pending with live pleadings with very similar language to the complaint Magnum seeks to have dismissed here.  Suffice it to say that Magnum's motion to dismiss does not have a sufficient likelihood of success to warrant staying discovery while that motion is pending.

Accordingly, Magnum's Motion for a Protective Order and Stay of Discovery (Dkt. No. 17) is **DENIED**.

SIGNED this 19th day of October, 2016.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE

---

[1]Magnum relies on two such cases in its motion.  In one, the motion to stay was unopposed. *Tostado v. Citibank*, N.A., 2009 WL 4774771 (W.D. Tex. Dec. 11, 2009).  In the other, the motion to dismiss was based on a qualified immunity argument.  *Bickford v. Boerne Indep. Sch. Dist.*, 2016 WL 1430063 (W.D. Tex. April 8, 2016).  Neither case presents facts remotely similar to those in this case.

[2]*See, e.g.*, *YETI Coolers, LLC v. Great Amer. Products*, No. 1:15-cv-686 RP; *YETI Coolers, LLC v. Kaiser Group, Inc.*, No. 1:15-cv-725 RP; *YETI Coolers, LLC v. US Imprints, LLC*, No. 1:15-cv-773 RP; *YETI Coolers, LLC v. Sic Products LLC*, No. 1:16-cv-117 RP.  These are just a small sample of cases; many more similar suits have been filed.